UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHRISTINE C., | ) |
| | ) |
| Plaintiff, | ) No. 20-cv-968 |
| | ) |
| v. | ) Magistrate Judge Susan E. Cox |
| | ) |
| ANDREW M. SAUL, Commissioner of the | ) |
| Social Security Administration, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Christine C.[1] has appealed the decision of the Commissioner of the Social Security Administration ("Commissioner") denying her disability benefits. As detailed below, Plaintiff's Memorandum in Support of Reversing and Remanding the Commissioner's Final Decision [dkt. 16], which the Court construes as a motion for summary judgment, is DENIED. The final decision of the Commissioner denying benefits is affirmed, as detailed below.

**I.    Social Security Regulations and Standard of Review**

The Social Security Act requires all applicants to prove they are disabled as of their date last insured to be eligible for disability insurance benefits; evidence of problems after a claimant's date last insured cannot alone support a finding of disability. 20 C.F.R. § 404.131; *Schloesser v. Berryhill*, 870 F.3d 712, 717 (7th Cir. 2017); *Shideler v. Astrue*, 688 F.3d 306, 311 (7th Cir. 2012); *Martinez v. Astrue*, 630 F.3d 693, 699 (7th Cir. 2011). The Court reviews the ALJ's decision directly, but plays an "extremely limited" role in that the Court may not "reweigh evidence, resolve conflicts in the record, decide questions of credibility, or substitute (its) own judgment for that of the Commissioner." *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir.2008); *Young v. Barnhart*, 362 F.3d 995, 1001 (7th Cir. 2004). A court's scope

---

[1]    In accordance with Northern District of Illinois Internal Operating Procedure 22, the Court refers to Plaintiff only by her first name and the first initial of her last name(s).

of review in these cases is limited to deciding whether the final decision of the Commissioner of Social Security is based upon substantial evidence and the proper legal criteria. *Scheck v. Barnhart*, 357 F.3d 697, 699 (7th Cir. 2004). Substantial evidence exists when a "reasonable mind might accept [the evidence] as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Zurawski v. Halter*, 245 F.3d 881, 887 (7th Cir. 2001). The Court cannot let the Commissioner's decision stand if the decision lacks sufficient evidentiary support, an adequate discussion of the issues, or is undermined by legal error, unless that legal error is a harmless legal error. *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003); *McKinzey v. Astrue*, 641 F.3d 884, 892 (7th Cir. 2011).

## II.    Relevant Background and Procedural History

Plaintiff was born in 1964 and was 47 years old on her alleged disability onset date. [Administrative Record ("R") 1412-24.] Plaintiff filed an application for disability benefits on December 7, 2012. [R 264-65.] Plaintiff claimed an alleged onset date of disability as of June 1, 2011. [R 264.] Plaintiff was last insured for disability insurance benefits on December 31, 2012. [R 18.] To obtain benefits, Plaintiff must establish disability onset on or before her date last insured ("DLI"), which was December 31, 2012. *See* 42 U.S.C. § 416(i).

Plaintiff suffers from both mental and physical limitations. [R 1412-24.] Plaintiff suffers from degenerative joint disease in both knees and obesity. *Id.* She has also received treatment for hypertension and sporadic sinus headaches. *Id.* Plaintiff's medical records reflect a diagnosis of bipolar disorder as early as February 2012, ten months prior to her DLI. [R 493.] In April 2014, about a year and a half after her DLI, Plaintiff underwent bilateral knee replacement. [R 1412-24.]

On September 14, 2015, Administrative Law Judge ("ALJ") Patricia Witkowski Supergan issued a written decision denying Plaintiff disability benefits. [R 16-28.] Plaintiff appealed that denial to the United States District Court for the Northern District of Illinois. *See* case no. 17-cv-2382. On May 15, 2018, the Court remanded Plaintiff's case for further consideration of a physical Functional

Capacity Evaluation ("FCE") that post-dated Plaintiff's DLI. [R 1412-19.]

Upon remand, the ALJ held another administrative hearing where Plaintiff, two medical experts, and a vocational expert testified. [R 1345-83.] Ultimately, the ALJ issued a March 26, 2019 decision, again denying Plaintiff's claims for benefits. [R 1318-34.] It is that final decision of the Commissioner that is before the Court presently. Relevant to the Court's decision herein is both (a) the ALJ's analysis of the relevant FCE, and (b) the 2019 Step 2 determination that Plaintiff's bipolar disorder was a nonsevere impairment. [R 1321-26.]

### III. Discussion

Plaintiff takes issue with the ALJ's treatment of the Functional Capacity Evaluation the ALJ was more carefully ordered to consider on remand. Plaintiff also appeals the ALJ's treatment of her bipolar disorder on remand: where once the ALJ had found Plaintiff's bipolar disorder to be a severe impairment and provided RFC limitations to accommodate the same, the ALJ now determined Plaintiff's bipolar disorder to be a nonsevere impairment requiring no accommodations. The Court declines to remand of either of these bases, as detailed below.

#### a. The 2013 Functional Capacity Evaluation

As noted above, the Court remanded the ALJ's September 14, 2015 decision for further consideration of a July 2013 physical (*i.e.*, not mental) Functional Capacity Evaluation that post-dated Plaintiff's DLI. [R 1412-19.] Ross Gavino, PT, DPT, CSCS, performed the FCE in question and reported that Plaintiff had an antalgic gait and limitations due to pain symptoms, and he recommended Plaintiff be put on disability due to the inability to perform prolonged acts like standing and walking. [R 666-69.] While post-DLI evidence (such as the FCE) "may shed light on a claimant's condition before the DLI" such that it corroborates the claimant's claims of disability, it stands to reason the converse is also true, which happened here. *Catherine P. v. Berryhill*, 2019 WL 1057313, at *6 (N.D. Ill. Mar. 6, 2019) (citing, in part, *Halvorsen v. Heckler*, 743 F.2d 1221, 1225-26 (7th Cir. 1984)). Upon

3

remand, the ALJ gave the subject FCE no weight, and provided several reasons for so doing. [R 666-70, 1330.]

First, the ALJ explained that she found Mr. Gavino's opinion to have limited probative value and gave it no weight because (as she correctly noted) a physical therapist is not an acceptable medical source. [R 1330.] *See* 20 C.F.R. § 404.1513(a). The ALJ still went on to consider the FCE per the Regulations, because evidence from "other sources," such as a physical therapist, must still be considered. 20 C.F.R. § 404.1527(f). Second, the ALJ correctly noted she need not adopt Mr. Gavino's opinion on disability because the ultimate issue of disability is reserved to the Commissioner. [R 1330.] *See* 20 C.F.R. § 404.1527(d)(1). Third, the ALJ noted the FCE took place seven months after Plaintiff's DLI. [R 1330.] There is no glossing over this fact; the FCE here is merely a post-DLI medical record, yet must be considered in the calculus where the claimant must demonstrate she became disabled prior to her date last insured. 20 C.F.R. § 404.131; *Schloesser*, 870 F.3d at 717; *Shideler*, 688 F.3d at 311; *Martinez*, 630 F.3d at 699. While it is impermissible for an ALJ to wholly fail to consider a medical record that post-dates the DLI [*see* R 1416], an ALJ is in no way prohibited from mentioning the fact that a medical record post-dates the claimant's DLI. In truth, these dates would be crucial to note, as evidence of problems after a claimant's date last insured cannot alone support a finding of disability. *Martinez*, 630 F.3d at 699. (Similarly, the Court finds no error in the ALJ's recitation of the fact the FCE was based upon a one-time, two-hour evaluation. [R 1330.])

Moreover, the ALJ *has* provided the requisite consideration of the post-DLI FCE here. To wit: the ALJ observed that this one-time evaluation was inconsistent with the longitudinal treatment record prior to the date last insured, noting, for example, that Plaintiff did not always have anantalgic gait and a June 2012 orthopedic exam showed mild tenderness of the right knee but well-maintained range of motion, her left knee had tenderness but no significant effusion, and she was neurovascularly intact. [R 406, 409, 455, 1330.] The ALJ recognized that, even after Plaintiff's DLI, a March 2013

4

orthopedic exam showed tenderness at the medial joint line of the left knee but range of motion was fairly well maintained and Plaintiff was neurovascularly intact. [R 535, 1330.] The ALJ acknowledged that even in February 2013 (also post-DLI), when Plaintiff had some tenderness and some reduced range of motion findings on exam, she was neurovascularly intact with no gross instability. [R 543, 1330.] Thus, the ALJ provided several reasons why Mr. Gavino's opinions within the FCE were inconsistent with examination findings. *See* 20 C.F.R. § 404.1527(c)(4) (consistency). Finally, the ALJ explained she gave Mr. Gavino's opinion no weight because it was also inconsistent with the record medical opinions from the two medical experts ("ME") in this case and the two state agency physicians, all of which she afforded great weight. [R 1330-31.] *See* 20 C.F.R. § 404.1527(c)(4). Each of those opinions support the ALJ's finding that Plaintiff was not disabled prior to her December 31, 2012 DLI.[2]

Plaintiff disputes the reasons the ALJ gave for discounting the July 2013 FCE, but she does not identify a physician opinion that Plaintiff had any greater physical limitations prior to her DLI. Perhaps Plaintiff's most compelling fact, on its face, is that after her DLI, it was ultimately recommended she undergo bilateral knee replacement surgeries.[3] [R. 1028-30.] However, this post-DLI evidence does not substantiate that she experienced disabling physical problems *during the period at issue*, nor, critically, does it contradict the weight the ALJ afforded the FCE in this case. The Court finds the ALJ's analysis of the July 2013 FCE such that a reasonable mind might accept it as

---

[2] As the ALJ discussed, the two state agency physicians opined that Plaintiff could perform light exertional work, with two hours standing/walking and six hours sitting. [R 148-49, 177-79, 1330.] The first ME testified that Plaintiff was limited to sedentary work, with at least two hours standing and walking with some postural and environmental limitations. [R 67-74.] The second ME testified that Plaintiff could perform light exertional work with standing and walking no more than four hours combined in an eight-hour day, no restrictions on sitting, and occasional postural activities, as well as environmental limitations. [R 1368-69.]

[3] Plaintiff also details a number of other objective findings (both pre- and post-DLI) she would have weighed differently than the ALJ [*see* dkt. 16, p. 10], but the Court does not find these would have changed the ALJ's opinion *concerning the weight given to the FCE*, especially since "the ALJ is not required to discuss every piece of evidence but is instead required to build a logical bridge from the evidence to her conclusions." *Simila v. Astrue*, 573 F.3d 503, 516 (7th Cir. 2009).

adequate to support the ALJ's conclusions and, thus, supported by substantial evidence. *Richardson*, 402 U.S. at 401; *Zurawski*, 245 F.3d at 887. The ALJ did what the Court asked of her upon remand. The Court will not remand again on this basis.

### b. **Plaintiff's Bipolar Disorder**

Next, Plaintiff takes issue with the ALJ's treatment of her bipolar disorder at Step 2 of her analysis. The reason for the Court's May 15, 2018 remand was to allow the Commissioner to fully consider whether the physical FCE agreed or conflicted with her finding that Plaintiff was not disabled during the period at issue. [R 1318-34.] While the ALJ did further consider the FCE upon remand, the ALJ went beyond the scope of the Court's remand and changed her findings regarding the severity of Plaintiff's bipolar disorder.[4] In her remanded September 14, 2015 decision, the ALJ determined Plaintiff's bipolar disorder was a severe impairment, yet on March 26, 2019 the ALJ determined that Plaintiff's bipolar disorder was a nonsevere impairment. [*Compare* R 16-28, *with* 1322-26.]

While the Court is flummoxed as to how the same evidence could both lead to a 2015 finding of severe bipolar disorder and a 2019 finding of nonsevere bipolar disorder, the Court will not remand "where we are convinced that the ALJ will reach the same result," as "[t]hat would be a waste of time and resources for both the Commissioner and the claimant." *McKinzey*, 641 F.3d at 892. The Court is directed to "look at the evidence in the record to see if we can predict with great confidence what the result on remand will be." *Id.* "The question before us is now prospective – can we say with great confidence what the ALJ would do on remand – rather than retrospective." *Id.* In the instant matter, however, the Court does not even need to speculate as to the result on remand if the ALJ were directed to revert to her prior finding that Plaintiff's bipolar disorder were severe and accommodate the same – we already know Plaintiff is not disabled under this rubric. [*See* R 28.] Remand is neither

---

[4] The Court does find it curious the ALJ does not even address the fact she had once considered this impairment severe.

necessary or appropriate if no reasonable ALJ would reach a contrary decision on remand.[5] The Court does not believe it appropriate to remand here only to have the ALJ reach the same result declaring Plaintiff not disabled. Therefore, the Court declines to remand on this basis.

## IV. Conclusion

Plaintiff's Memorandum in Support of Reversing and Remanding the Commissioner's Final Decision [dkt. 16] is DENIED. The final decision of the Commissioner denying benefits is affirmed.

Entered: 2/22/2021

_____

U.S. Magistrate Judge, Susan E. Cox

---

[5] Strangely, the ALJ seems to have done her level best in the 2015 decision to show how the evidence related to Plaintiff's bipolar disorder demonstrated it was *not* a severe disorder limiting ability to perform basic work activities during the period at issue [R 22-26], yet she ultimately classified it as severe. While a Step 2 determination (covering the severity of an impairment) has been classified time and time again by the Seventh Circuit as "a *de minimis* screening for groundless claims." *Meuser v. Colvin*, 838 F.3d 905, 910 (7th Cir. 2016) (citing *O'Connor-Spinner v. Colvin*, 832 F.3d 690, 697, 2016 WL 4197915, at *6 (7th Cir. Aug. 9, 2016); *Thomas v. Colvin*, 826 F.3d 953, 960 (7th Cir. 2016)) (signals and additional citations omitted), the ALJ's depictions of Plaintiff's bipolar disorder in both opinions lend confidence to the Court's decision that no reasonable ALJ would find Plaintiff disabled based on her bipolar disorder, regardless of whether it was classified as severe or nonsevere.